FILED
United States Court of Appeals
Tenth Circuit

January 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CALVIN LEE SHOBE, a/k/a Koo-G,

Defendant-Appellant.

No. 12-5127
(D.C. No. 11-CR-149-CVE)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After a jury convicted Calvin Shobe for two bank robberies and associated

conspiracy and federal firearms charges, the district court turned to the business

of selecting a sentence. The court calculated Mr. Shobe's guidelines sentencing

range at 97 to 121 months' imprisonment, plus a mandatory minimum of 30 years

for the two firearms charges. Concluding that a sentence along these lines would

be greater than necessary to achieve the purposes of sentencing, the district court

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adjusted Mr. Shobe's "offense level" downward and selected the bottom of the revised guidelines range, imposing a total of 397 months' imprisonment. It is this result Mr. Shobe now appeals, arguing it is "substantively unreasonable."

Under our precedent, it is a defendant's obligation to show that the district court's sentencing decision falls outside the "range of possible outcomes the facts and law at issue can fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). This Mr. Shobe is unable to do. Mr. Shobe's primary objection seems to be that his co-conspirators received lower sentences than he did. But as the district court emphasized, there was much to distinguish Mr. Shobe from the others. He had greater abilities (one was mentally retarded; others were considerably younger than he). His conduct differed (he planned the illegal conduct and recruited others to his plan). So did his level of cooperation with authorities after being caught (others cooperated fully; he did not). In these circumstances we cannot say that the distinction the district court drew between defendants was unreasonable or irrational.

Mr. Shobe's other lines of attack are no more persuasive. For example, he complains that he wasn't treated as a "youthful offender" like another of his co-defendants. But that co-defendant was 16 years-old: Mr. Shobe was 28. Mr. Shobe similarly complains that the government did not extend to him a plea offer like the ones offered to other defendants. But Mr. Shobe does not (and could not) argue that the government was obliged to offer a plea deal. *See Weatherford v.*

*Bursey*, 429 U.S. 545, 561 (1977).  Besides and as we have seen, the record suggests any number of valid reasons why a prosecutor might choose to deal with the other defendants but not Mr. Shobe.  Finally, Mr. Shobe asks us to consider that his previous criminal convictions, while numerous, largely consisted of minor infractions of the law.  But the district court did exactly that, relying on it as the basis for adjusting downward his "offense level."  Tr. of Sentencing Hr'g 27, R. vol. III, at 367.  Mr. Shobe offers us no reason to think the district court's failure to award more relief than this amounted to an abuse of discretion.

The judgment of the district court is affirmed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge